IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDO RAMOS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 14 C 4001 |
| | ) |
| KIMBERLY BUTLER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Alfredo Ramos' (Ramos) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

After a jury trial in Illinois state court, Ramos was convicted on two counts of first degree murder, for the murder of two individuals during an armed robbery. Ramos was sentenced to life imprisonment. Ramos appealed his conviction and on December 4, 2009, the Illinois Appellate Court affirmed his conviction. Ramos then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, which was denied on May 26, 2010. Ramos subsequently filed a petition for certiorari with

1

the United States Supreme Court, which was denied on January 10, 2011. Ramos then filed a petition for post-conviction relief, which was dismissed by the trial court. Ramos filed an appeal, which was affirmed on December 10, 2013. Ramos then filed a PLA, which was denied on March 26, 2014. On May 29, 2014, , Ramos filed the instant Petition. Respondent has answered the Petition.

## LEGAL STANDARD

An individual in custody pursuant to a state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably

2

applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Ramos' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Ramos asserts in the Petition: (1) that Ramos was denied a fair trial due to statements made by the prosecutor during closing arguments (Claim 1), (2) that Ramos was denied a fair trial due to certain remarks made by the judge to the jurors (Claim 2), (3) that the trial court erred in dismissing his post-conviction petition because Ramos' trial counsel was ineffective relating to the failure of Ramos in exercising his right to have a bench trial (Claim 3), and (4) that the trial court erred in dismissing his post-conviction petition because Ramos' trial counsel was ineffective relating to the failure to call a witness during a hearing on a suppression motion (Claim 4).

I. Procedurally Defaulted Claims

Respondent argues that Claims 1, 2, and 4 are procedurally defaulted and that there is no justification to excuse the default.

### A. Procedural Default

Respondent contends that Ramos failed to raise Claims 1, 2, and 4 through one complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

#### 1. Claim 1

As indicated above, Ramos asserts in Claim 1 that he was denied a fair trial

4

due to statements made by the prosecutor during closing arguments. Specifically, Ramos contends that during the closing arguments, the prosecutor referred to Ramos as a "criminal," which Ramos contends shifted the burden of proof to him and was intended to "inflame the passions and prejudice of the jury." (Pet. 7). The record reflects that while Ramos did raise Claim 1 on direct appeal, (R Ex. L), he did not raise such claim in the following PLA. (R Ex. P). The record also reflects that Ramos did not raise Claim 1 in his post-conviction petition or subsequent appeal. (R Ex. T). Thus, Claim 1 is procedurally defaulted. The court also notes that even if Claim 1 was not procedurally defaulted, the claim lacks any merit.

 2. Claim 2

As indicated above, Ramos asserts in Claim 2 that he was denied a fair trial due to certain remarks made by the judge to the jurors. Specifically, Ramos contends that the trial court made remarks as to reviewing the law and exhibits that suggested to the jury that the state's "burden of proof was only a minor detail. . . ." (Pet. 7). The record reflects that while Ramos did raise Claim 2 on direct appeal, (R Ex. L), he did not raise such claim in the following PLA. (R Ex. P). The record also reflects that Ramos did not raise Claim 2 in his post-conviction petition or subsequent appeal. (R Ex. T). Thus, Claim 2 is procedurally defaulted. The court also notes that even if Claim 2 was not procedurally defaulted, the claim lacks any merit.

 3. Claim 4

As indicated above, Ramos asserts in Claim 4 that the trial court erred in dismissing his post-conviction petition because Ramos' trial counsel was ineffective relating to the failure to call a witness during a hearing on a suppression motion. Specifically, Ramos contends that the his post-conviction petition should not have been dismissed because he made a sufficient showing of ineffective assistance of counsel due to the fact that counsel did not call Ramos' girlfriend to testify at his suppression hearing. (Pet. 17). The record reflects that while Ramos did not raise Claim 4 on direct appeal, (R Ex. L), Ramos did raise Claim 4 in his post-conviction petition. (R Ex. T). However, the record does not indicate that he raised Claim 4 in his subsequent PLA. (R Ex. Z). Thus, Claim 4 is procedurally defaulted. The court also notes that even if Claim 4 was not procedurally defaulted, the claim lacks any merit.

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 1, 2, and 4. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a

fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Ramos has not provided facts showing that he was prevented from properly presenting Claims 1, 2, or 4 in the state system in order to avoid the procedural default. Ramos has not shown cause and prejudice. Nor has Ramos shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

II. Claim 3

Respondent argues that Claim 3 lacks any merit. As indicated above, Ramos asserts in Claim 3 that the trial court erred in dismissing his post-conviction petition because Ramos' trial counsel was ineffective relating to the failure of Ramos in exercising his right to have a bench trial. Specifically, Ramos claims that his trial counsel "would not allow [Ramos] to waive his right to a jury trial." (Pet. 18). On direct appeal, the Illinois Appellate Court found that Ramos' trial counsel did not force Ramos to proceed with a jury trial instead of a bench trial. The only evidence

now presented to the court is Ramos' conclusory self-serving affidavit. Ramos has not presented sufficient evidence to show that he received ineffective assistance of counsel and that his constitutional rights were violated. The Illinois Appellate Court correctly noted that "there is no indication in the record that [Ramos] wanted or expressed a desire for a bench trial at any time during his pretrial appearances or when trial counsel proceeded with jury selection, or throughout the ensuing jury trial." (R Ex. W). The Illinois Appellate Court also referenced a letter written by Ramos regarding his appellate issues in which Ramos also failed to assert that he was deprived of an opportunity to seek a bench trial. (R Ex. W). The court also notes that there was ample evidence upon which to prove Ramos guilty and that whether it had been a bench trial or a jury trial, the evidence presented overwhelmingly would have sufficed to warrant a guilty verdict. Therefore, Claim 3 lacks any merit. Based on the above, the Petition is denied.

### III.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Ramos has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Ramos shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Ramos decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 4, 2015